**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Crisanto Garcia MAULEON,
Defendant–Appellant.**

No. 99–50521.

D.C. No. CR–97–00614 CBM–3.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 15, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM*

Crisanto Garcia Mauleon ("Garcia") appeals his 120–month sentence following a guilty verdict on the charge of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He also appeals the denial of his pre-trial motion to suppress statements made to law enforcement officers. We have jurisdiction. *See* 28 U.S.C. § 1291, 18 U.S.C. § 3742(a). We affirm the district court's denial of Garcia's motion to suppress, reverse the 120–month sentence and remand for re-sentencing.

Garcia challenges the admission of two statements: (1) a post-arrest statement made to Detective Caloca and (2) a confes-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion given to Special Agents Briggs and Pothier during a later interrogation.

■ The district court ruled that Garcia's statements to Caloca were "voluntary, that they were not as a result of interrogation, [and] that there was no requirement that [Garcia] be advised of his *Miranda* rights." We agree. Caloca questioned Garcia about his role as a witness to an unrelated homicide; he did not question Garcia about his pending drug charges, and specifically informed Garcia that he did not want to discuss the drug charges. The trial court correctly determined that Garcia's statement about his participation in the marijuana harvest was spontaneous and entirely unrelated to questions asked by Caloca about the homicide. *United States v. Sherwood*, 98 F.3d 402, 409 (9th Cir.1996) (" 'Spontaneous' or 'volunteered' confessions of a suspect in custody are admissible despite the absence of a prior *Miranda* warning."); *United States v. Allen*, 699 F.2d 453, 459–60 (9th Cir.1982) (affirming district court's conclusion that statements made during a search were volunteered); *see also Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (stating that statements volunteered by a suspect in custody are admissible despite the absence of Miranda warnings if they are free from interrogation or other coercion).

■ We affirm the district court's determination that Garcia's waiver of his *Miranda* rights incident to the Briggs and Pothier interrogation was knowing and intelligent. *See United States v.. Heredia–Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985). Garcia's argument that he did not understand the warnings due to a language barrier is unavailing: the interrogators read and translated an official form of *Miranda* warnings. Garcia stated he understood the rights, appeared to read the Spanish waiver of rights form and signed

the written waiver. *See United States v. Bautista–Avila*, 6 F.3d 1360, 1366 (9th Cir. 1993); *United States v. Bernard S.*, 795 F.2d 749, 752 (9th Cir.1986). Garcia's related argument, that he could not grasp the meaning of the waiver because he is uneducated and was a farm worker/day laborer, is also insufficient to show that his waiver was neither knowing nor intelligent. *See Bautista–Avila*, 6 F.3d at 1365–66 (finding that Mexican laborer with sixth grade education validly waived *Miranda* rights).

Garcia also challenges the voluntariness of his waiver and his subsequent confession. We agree with the district court that Garcia's *Miranda* waiver to Briggs and Pothier was voluntary. Undisputed facts surrounding the questioning, such as the fact that Garcia stated he understood his rights when they were read to him in Spanish and signed a Spanish waiver form, demonstrate that Garcia did not encounter language problems in connection with Briggs' reading of *Miranda* rights. In addition, the record indicates that Briggs took college-level Spanish classes, lived in a Spanish-speaking country for one year, used the language in the course of his employment and regularly conducts interviews of witnesses and suspects in Spanish. Moreover, the second agent present at Garcia's interview, Pothier, was certified by the United States Border Patrol as proficient in Spanish.

■ We agree with the district court's conclusion that Garcia's post-*Miranda* statement was voluntary. Taking into account all of the circumstances surrounding Garcia's statements to Briggs, *see* 18 U.S.C. § 3501(b), Garcia's statements were voluntary and unhampered by any language difficulties. The officers properly administered the *Miranda* warnings, a precondition to admission of the results of a custodial interrogation. The circum-

stances surrounding the administration of the *Miranda* warnings indicate that Garcia could understand the Spanish spoken by Briggs. Evidence admitted at the suppression hearing supports the district court's conclusion that both Briggs and Pothier are fluent in Spanish. Finally, Garcia's ability to understand not only the warnings but also the questions is supported by the agents' testimony that Garcia's responses to the questions were "to the point."

Garcia raises an *Apprendi* challenge on appeal. Since the issue was not raised at trial, we review for plain error. *See United States v. Nordby*, 225 F.3d 1053, 1059–60 (9th Cir.2000) (citing Fed.R.Crim.P. 52(b)). To secure reversal under this standard, Garcia must demonstrate that: (1) there was "error"; (2) the error was "plain"; and (3) the error affected "substantial rights." *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The government concedes that the first two elements are met because "there was no specific finding of fact made by the jury as to the amount of marijuana possessed." The government argues that Garcia's substantial rights were not affected.

The government says that Garcia's current sentence is below the statutory maximum sentence for possession of 78 plants. The entire argument is premised on the fact that at sentencing, Garcia claimed that he was responsible for only 78 marijuana plants.

■ Garcia's admission at sentencing, however, is "irrelevant" to the *Apprendi* analysis. *Nordby*, 225 F.3d at 1061 n. 6; *see also United States v. Keeling*, 235 F.3d 533, (10th Cir.2000) ("Although the govern-

ment urges us to assess plain error in light of various admissions by the Defendant in the course of his sentencing, we decline to do so as did the court in *Nordby*, 225 F.3d at 1061 n. 6, because the assessment of prejudice must focus on whether the error affected the jury's verdict."). The government does not argue that the jury made any determination as to amount and may not rely upon the amount admitted at sentencing. Garcia was convicted of possession of an undetermined amount of marijuana, 21 U.S.C. § 841(a)(1), which carries a statutory maximum of five years. Under *Nordby*, Garcia's current sentence of 120 months affects his substantial rights.

AFFIRMED in part, REVERSED in part and REMANDED for resentencing.